**SPRING INDUSTRIES, INC., Appellant,**

v.

**OHIO DEPARTMENT OF TRANSPORTATION, Appellee.**

[Cite as *Spring Industries, Inc. v. Ohio Dept.
of Transp.* (1990), 62 Ohio App.3d 229.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–838.

Decided April 19, 1990.

*Zink, Zink & Zink Co., L.P.A.,* and *Larry A. Zink,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Susan Sullivan,* Assistant Attorney General, for appellee.

---

RALPH WINKLER, Judge.

Plaintiff appeals from a judgment rendered by the Ohio Court of Claims in favor of defendant on plaintiff's claims for breach of contract and unjust enrichment.

Plaintiff, Spring Industries, Inc., entered into a contract with defendant, Ohio Department of Transportation, in December 1985 for the resurfacing of State Routes 43 and 183 located in Stark County. The project involved resurfacing with asphalt concrete various sections of the state routes with a total length of approximately 12.21 miles. The contract was comprised of various documents, including the Proposal for Bids prepared by defendant and defendant's Construction and Material Specifications Manual. The contract specified that plaintiff was to be paid at a rate of $54.98 per cubic yard of asphalt used.

The contract also specified that plaintiff was free to substitute a particular composition of asphalt for the type of asphalt specified by the contract, provided that the substitute material complied with defendant's specifications for such asphalt ("Supplemental Specification 848"). Supplemental Specification 848 required plaintiff to submit to defendant test data demonstrating that the asphalt mixture possessed certain properties including a specific percentage of airholes within the asphalt known as "air voids." Supplemental Specification 848 fixed the range of acceptable air voids at a minimum of three percent and a maximum of five percent. It is undisputed that the test data submitted by plaintiff for a portion of the asphalt, which was subsequently applied in the resurfacing project, revealed air voids above six percent. As a result of this variance from the specified range, the department unilaterally reduced the price to be paid for four hundred and nineteen cubic yards of asphalt from $54.98 per cubic yard to $30.65 per cubic yard. This amount represented a $10,213 decrease in the contract price. When defendant refused to pay the original price, plaintiff initiated the instant cause in the Court of Claims alleging a breach of contract and unjust enrichment.

The matter was tried before a judge of the Court of Claims who rendered a decision on June 14, 1989, finding that defendant did not breach the contract and that the price reduction did not unjustly enrich defendant. Specifically, the claims court found that Section 105.03 of the department's Construction and Material Specifications Manual, which was incorporated into the contract,

enabled the department to accept nonconforming materials, but to reduce the amount paid for such materials. Since the department adhered to the provisions of Section 105.03, the claims court concluded that defendant did not breach the contract when it refused to pay the full contract price for the four hundred and nineteen yards of asphalt.

Plaintiff now appeals and sets forth the following assignments of error:

"1) The Trial Court erred in its Conclusion of Law, P. 6, in finding that the contract between the parties allows the Appellee to 'make appropriate contract modifications' by reducing the price to be paid to the Appellant when there was no agreement to reduce the price.

"2) The Trial Court erred in its Conclusion of Law, Page 7, in finding that the Appellee can modify the stated contract price per cubic yard downward based upon Appellee's 'engineering judgment' when the contract documents do not provide for a unilateral price reduction."

Although plaintiff assigns two errors for our review, only one argument is presented in support. Specifically, plaintiff contends that because the contract specified a price of $54.98 per cubic yard for the asphalt, defendant breached the contract when it unilaterally reduced this price to $30.65 per cubic yard. Since there is no contract provision which specifies that defendant could reduce the contract price based upon some particular formula, plaintiff concludes that the trial court erred in finding no breach of contract under the facts of this case.

Here, the trial court concluded that defendant was contractually entitled to modify the price for nonconforming asphalt. Specifically, Section 105.03 of the Construction and Material Specifications Manual provides in part:

"In the event the Director finds the materials or the finished product in which the materials are used not within reasonably close conformity with the plans and specifications but that reasonably acceptable work has been produced, he shall then make a determination if the work shall be accepted and remain in place. In this event, the Director will document the basis of acceptance by contract modification which will provide for an appropriate adjustment in the contract price for such work or materials as he deems necessary to conform to his determination based on engineering judgment."

Defendant's evidence established that in cases where the Department of Transportation accepted nonconforming materials, the matter was referred to a committee for a determination of the appropriate contract price. In this case, the committee concluded, based upon unrefuted evidence regarding the fair market value of the nonconforming asphalt, that the product supplied by plaintiff was entitled to compensation at a rate of $30.65 per cubic yard,

rather than at the contract rate of $54.98 per cubic yard. Given this state of the record, this court cannot conclude that the trial court erred in finding that the defendant adhered to the criteria established by the contract regarding price modifications for nonconforming material.

Based upon the foregoing, plaintiff's two assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

REILLY, P.J., and MCCORMAC, J., concur.

RALPH WINKLER, J., of the Hamilton County Court of Common Pleas, sitting by assignment.